# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ST. CLAIR INTELLECTUAL PROPERTY
CONSULTANTS, INC.,

                    Plaintiff,

     v.

GOOGLE INC.,

                    Defendant.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair"), for its cause of action against Defendant Google Inc. ("Google"), states and alleges as follows:

1.      St. Clair is a Michigan corporation, having its principal place of business at 16845 Kercheval Avenue, Suite Two, Grosse Pointe, MI 48230.

2.      Google is a Delaware corporation, having its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

3.      This is an action for patent infringement arising under the Acts of Congress relating to patents, including Title 35 U.S.C. § 271 and §§ 281–285. This Court has subject matter jurisdiction under the provisions of Title 28 United States Code § 1338(a), and venue with respect to Google is properly within this district under the provisions of Title 28 United States Code § 1391(b) and (c) and § 1400(b). Personal jurisdiction over Google comports with the United States Constitution and with 10 Del. C. § 3014 of the Delaware Code because Google has committed and continues to commit and Google has contributed and continues to contribute to

acts of patent infringement in this district as alleged in this Complaint, and because Google is a citizen of this state.

4.      On August 11, 1992, United States Letters Patent No. 5,138,459 (the "'459 patent") entitled "Electronic Still Video Camera with Direct Personal Computer (PC) Compatible Digital Format Output" was duly and legally issued to Personal Computer Cameras, Inc. ("PCC"), as assignee of the inventors, Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl. A copy of the '459 patent is attached hereto as Exhibit A.

5.      On or about November 21, 1995, St. Clair acquired ownership of PCC's digital camera patents and technology, including the '459 patent, by assignment. Within three months of St. Clair's purchase, St. Clair duly recorded its assignment with the United States Patent and Trademark Office ("USPTO") pursuant to 35 U.S.C. § 261.

6.      On July 25, 2000, United States Letters Patent No. 6,094,219 (the "'219 patent") entitled "Electronic Still Video Camera with Direct Personal Computer (PC) Compatible Digital Format Output" was duly and legally issued to St. Clair as assignee. A copy of the '219 Patent is attached hereto as Exhibit B.

7.      On May 15, 2001, United States Letters Patent No. 6,233,010 (the "'010 patent") entitled "Electronic Still Video Camera with Direct Personal Computer (PC) Compatible Digital Format Output" was duly and legally issued to St. Clair as assignee. A copy of the '010 patent is attached hereto as Exhibit C.

8.      On November 27, 2001, United States Letters Patent No. 6,323,899 (the "'899 patent") entitled "Process for Use in Electronic Camera" was duly and legally issued to St. Clair as assignee. A copy of the '899 patent is attached hereto as Exhibit D.

9.      Collectively, the '459, '219, '010, and '899 patents are referred to as the "patents-in-suit."

10.     On August 14, 2001, St. Clair filed suit against Sony Corporation, Sony Electronics, Inc. and Sony Corporation of America in this Court alleging infringement of the patents-in-suit. (*St. Clair v. Sony Corp.*, *et al.*, Civil Action No. 01-557-JJF.)

11.     Claims of the patents-in-suit were construed by this Court in *St. Clair v. Sony Corp.* by the Court's September 3, 2002 Memorandum Opinion and Order.

12.     By unanimous jury verdict on February 25, 2003, the jury in *St. Clair v. Sony Corp.* found 15 asserted claims of the patents-in-suit infringed by digital cameras sold in the United States by Sony Corporation, Sony Electronics, Inc. and Sony Corporation of America and awarded damages in the amount of $25,000,000.

13.     Sony has since entered into an agreement with St. Clair to license the patents-in-suit.

14.     On February 28, 2003, St. Clair filed suit against Canon Inc., Canon U.S.A., Inc., Casio Computer Co., Ltd., Casio, Inc., Seiko Epson Corporation, Epson America, Inc., Fuji Photo Film Co., Ltd., Fuji Photo Film U.S.A., Inc., Fujifilm America, Inc., Kyocera Corporation, Kyocera International, Inc., Kyocera Optics, Inc., Minolta Co., Ltd., Minolta Corporation, Nikon Corporation, Nikon, Inc., Olympus Optical Co., Ltd., and Olympus America, Inc. in this Court alleging infringement of the patents-in-suit. (*St. Clair v. Canon, Inc.*, *et al.*, Civil Action No. 03-241-JJF.)

15.     Claims of the patents-in-suit were construed by this Court in *St. Clair v. Canon, Inc.* by the Court's August 31, 2004 Memorandum Opinion and Order.

16.     By unanimous jury verdict on October 8, 2004, the jury in *St. Clair v. Canon, Inc.* found 16 asserted claims of the patents-in-suit not invalid and infringed by digital cameras sold in the United States by Canon, Inc. and Canon USA, Inc. and awarded damages to St. Clair in the amount of $34,716,482.49.

17.     St. Clair has since entered into agreements to license the patents-in-suit and/or settle litigation with Canon Inc., Casio Computer Co., Ltd., Kyocera Corporation, Minolta Co., Ltd., Nikon Corporation, Olympus Optical Co., Ltd., and Seiko Epson Corporation.

18.     By majority verdict on October 25, 2004, the jury in *St. Clair v. Fuji* (part of the *St. Clair v. Canon, Inc.* litigation) found 16 asserted claims of the patents-in-suit not invalid and infringed by digital cameras sold in the United States by Fuji Photo Film, Co., Ltd., Fuji Photo Film U.S.A., Inc., and Fujifilm America, Inc., and awarded damages to St. Clair in the amount of $3,003,465.00.

19.     On November 9, 2004, St. Clair filed suit against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, L.P., Matsushita Electric Industrial Co., Ltd. (now known as Panasonic Corporation), Matsushita Electric Corporation of America (now known as Panasonic Corporation of North America), Victor Company of Japan, Ltd., JVC Company of America, Nokia Corporation, Nokia, Inc., Hewlett-Packard Company, and Eastman Kodak Company in this Court alleging infringement of the patents-in-suit. (*St. Clair v. Samsung Electronics Co., et al.,* Civil Action No. 04-1436-JJF-LPS.)

20.     St. Clair has since entered into agreements to license the patents-in-suit with Kodak and Samsung.

21.     On June 26, 2006, St. Clair filed suit against Siemens AG, Siemens Corporation, BenQ Corporation, BenQ America Corporation, BenQ Mobile GMBH & Co., Audiovox Communications Corporation, Audiovox Electronics Corporation, UTStarcom, Inc., Sprint Nextel Corporation, Cingular Wireless L.L.C., New Cingular Wireless Services, Inc., Verizon Communications, Inc., Vodafone Group PLC, and Cellco Partnership in this Court alleging infringement of the patents-in-suit. (*St. Clair v. Siemens AG, et al.,* Civil Action No. 06-403-JJF-LPS.)

22.     Also on June 26, 2006, St. Clair filed suit against LG Electronics, Inc., LG Electronics U.S.A., Inc., LG Electronics MobileComm U.S.A., Inc. Motorola, Inc., Palm, Inc., Sanyo Electric Co., Ltd., Sanyo North America Corporation, Concord Camera Corporation, Kyocera Wireless Corporation, Vivitar Corporation, Petters Group Worldwide, L.L.C., Polaroid Holding Company, Polaroid Corp., Aiptek International, Inc., Aiptek, Inc., High Tech Computer Corp. (now known as HTC Corp.), H.T.C. (B.V.I.) Corp., HTC USA, Inc. (now known as HTC America, Inc.), Deutsche Telekom AG, T-Mobile International AG & Co. KG, and T-Mobile U.S.A., Inc. in this Court alleging infringement of the patents-in-suit.   (*St. Clair v. LG Electronics, Inc., et al.,* Civil Action No. 06-404-JJF-LPS.)

23.     St. Clair has since entered into agreements to license the patents-in-suit with LG, Motorola, and Sanyo.

24.     On June 20, 2008, St. Clair filed suit against Research In Motion, Ltd., Research In Motion Corp. and General Imaging Co. in this Court alleging infringement of the patents-in-suit. (*St. Clair v. Research In Motion, Ltd., et al.,* Civil Action No. 08-371-JJF-LPS.)

25.     St. Clair has since entered into an agreement to license the patents-in-suit with General Imaging Co.

26.     Also on June 20, 2008, St. Clair filed suit against Fujifilm Holdings Corporation, Fujifilm Corporation, Fuji Photo Film Co., Ltd., Fuji Photo Film U.S.A., Fujifilm U.S.A., Inc., Fujifilm America, Inc.  (*St. Clair v. Fujifilm Holdings Corp., et al.,* Civil Action No. 08-373-JJF-LPS.)

27.     On October 26, 2009, St. Clair filed suit against Apple Inc. in this Court alleging infringement of the patents-in-suit. (*St. Clair v. Apple Inc.,* Civil Action No. 09-804-JJF.)

28.     In addition to those companies listed above, Pentax Corporation and Samsung Techwin, Inc. have entered into agreements with St. Clair to license the patents-in-suit.

29. On November 28, 2006, in response to reexamination proceedings involving the patents-in-suit initiated by Sony, the USPTO issued an ex parte reexamination certificate confirming the patentability of all claims of the '899 patent; on December 19, 2006, the USPTO issued an ex parte reexamination certificate confirming the patentability of all claims of the '219 patent; on February 27, 2007, the USPTO issued an ex parte reexamination certificate confirming the patentability of all claims of the '010 patent; and on May 15, 2007, the USPTO issued an ex parte reexamination certificate confirming the patentability of all claims of the '459 patent.

30. Google has made, offered to sell, imported, used and/or sold in this judicial district and elsewhere in the United States, digital cameras that directly, contributorily, or by inducement infringe one or more of the claims of the patents-in-suit.

31. Google has, by its advertising, product instruction, import and/or sale of digital cameras in the United States, induced infringement of one or more claims of the patents-in-suit.

32. The infringement by Google of the patents-in-suit has injured St. Clair and will cause St. Clair added irreparable injury and damage in the future unless Google is enjoined from infringing the patents-in-suit.

33. A jury trial is demanded on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE**, St. Clair prays for judgment as follows:

a. That Google infringed the '459, '219, '010, and '899 patents;

b. That Google and their respective agents, servants, officers, directors, employees and all persons acting in concert with Google, directly or indirectly, be temporarily and permanently enjoined from infringement, inducing others to infringe, or contributing to the infringement of the '459, '219, '010, and '899 patents;

c.      That Google be ordered to account for and pay to St. Clair the damages to which St. Clair is entitled as a consequence of the infringement of the '459, '219, '010, and '899 patents;

d.      That a post-judgment equitable accounting of damages be ordered for the period of infringement of the '459, '219, '010, and '899 patents following the period of damages established by St. Clair at trial;

e.      That St. Clair be awarded its costs and attorneys fees herein in accordance with Title 35 United States Code § 285; and

f.      That St. Clair be awarded such other and further relief as the Court may deem just and equitable.

A JURY TRIAL IS DEMANDED.


Dated: January 29, 2010.


*Of Counsel:*

Ronald J. Schutz, Esq.
Becky R. Thorson, Esq.
Carrie M. Lambert, Esq.
Annie Huang, Esq.
Seth A. Northrop, Esq.
ROBINS, KAPLAN, MILLER
   & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500

/s/ *Patricia P. McGonigle*
_____
George H. Seitz, III, Esq. (No. 667)
gseitz@svglaw.com
Patricia P. McGonigle, Esq. (No. 3126)
pmcgonigle@svglaw.com
SEITZ, VAN OGTROP & GREEN
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600

**ATTORNEYS FOR PLAINTIFF**
**ST. CLAIR INTELLECTUAL PROPERTY**
**CONSULTANTS, INC.**